UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

SAM SHUSTER,

      Plaintiff,

v.

HICONVERSION, INC.,
a Florida Corporation, and ZIJAD
AGANOVIC, individually,

      Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, SAM SHUSTER, by and through his undersigned counsel, and sues the Defendants, HICONVERSION, INC. (hereinafter, referred to as "Company"), and ZIJAD AGANOVIC, individually, (hereinafter, referred to as "AGANOVIC"), and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq and for unpaid wages. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants, but the Defendants willfully refused to compensate the Plaintiff for overtime work performed in direct contravention of the law and for unpaid commissions.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, AGANOVIC, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, Company, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That the Plaintiff, SAM SHUSTER, was hired as a non-exempt employee by the Defendants on February 4, 2019-January 17, 2020.

10. During this period, Plaintiff worked an average of 55 hours per week but was paid on a fixed salary of $1,153.84, which using a half-time salary rate comes out to be $157.34 per week, totaling $7,867.09 during his employment.

11. Plaintiff also earned commissions that were not paid to Plaintiff upon his employment ending.

12. Specifically, Plaintiff is owed commission for the following accounts: Catbird, Hubert, Abi and Joseph, and Pat McGrath.

13. At 8%, Plaintiff is owed approximately $6,000.00 in commissions.

14. Requests made by the Plaintiff for these funds were rejected, as were Plaintiff's pre-suit settlement efforts, leaving Plaintiff with no alternative but to file suit.

## COUNT I
## FLSA – COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

15. That Plaintiff is entitled to overtime for hours worked pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, SAM SHUSTER, demands judgment against the Company, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – AGANOVIC

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

17. That Plaintiff is entitled to overtime for hours worked pursuant to the FLSA.

18. That by reason of the intentional, willful and unlawful acts of AGANOVIC in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, SAM SHUSTER, demands judgment against AGANOVIC, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## UNPAID WAGES/FLORIDA STATUTES § 448.08-COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

19. That the Company as alleged herein and above, has wrongfully withheld unpaid wages

owed to the Plaintiff in the form of commissions.

20. That as a result of the Company's wrongful withholding of Plaintiff's wages, the Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, SAM SHUSTER, demands judgment against the Company, awarding Plaintiff his unpaid wages, costs, reasonable attorney fees pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SAM SHUSTER, demands trial by jury.

Dated: October 9, 2020.

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920